IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TINA MARIE BAILEY,<br><br>Defendant. | Case No. 21-0037-01-CR-W-DGK |

## ORDER REGARDING THE GOVERNMENT'S MOTION TO CORRECT CLEAR ERROR PURSUANT TO RULE 35(a)

This case is one of two arising from the prosecution of the Trevor Sparks drug trafficking organization. Now before the Court is the Government's "Motion to Correct Clear Error Pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure." ECF NO. 192.

The relevant procedural history to the motion is as follows. On August 19, 2022, Defendant Tina Bailey pled guilty by agreement to Counts One, Two, and Three of the Indictment, charging violations of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846 (conspiracy to distribute 500 grams or more of methamphetamine); Title 18, United States Code, Section 1956(a)(1)(A)(i), (B)(i), (ii), and (h) (conspiracy to commit money laundering); and Title 18, United States Code, Section 924(c)(1)(A)(i) (carry, possess, and use firearms during, in relation to, and in furtherance of drug trafficking), and to forfeit to the United States her interest in the property identified in the Forfeiture Allegation of the Indictment. Plea Agreement ¶ 2, ECF No. 118. Defendant also admitted the forfeiture allegations and agreed to a money judgment in an amount to be determined by the Court at sentencing, but not to exceed $4,160,000. *Id*. ¶ 6.

On January 25, 2023, the Government moved for a preliminary order of forfeiture which included certain specific firearms and a personal money judgment against Defendant in an amount to be determined by the Court, but not to exceed $4,160,000. ECF No. 178.

On February 2, 2023, the Court granted the motion and entered a preliminary order of forfeiture against Defendant. ECF NO. 181.

On February 3, 2023, sentenced Defendant Tina Bailey to 120 months' imprisonment, and orally entered judgment forfeiting the enumerated firearms recovered during the case but declined to enter a personal money judgment against Defendant. At the hearing, the Court found that for sentencing purposes Defendant was responsible for distributing approximately 84 kilograms of methamphetamine during the course of the conspiracy. The Court declined to enter a personal money judgment in the amount sought by the Government—$672,000[1]—because it found she did not obtain this amount from her actions, she was indigent, and she had little to no prospect of being able to ever satisfy a personal money judgment of any amount. Regrettably, the Court did not make any findings concerning what Defendant's proceeds were from her involvement in the conspiracy.

The Government objected to the Court's decision not to enter a personal money judgment against Defendant, arguing she had in fact personally received $672,000. It also argued the Court had no choice but to enter a personal money judgment in this amount because the Court's role in the matter was essentially "administrative" once it found Defendant responsible for approximately 84 kilograms of methamphetamine for sentencing purposes. The Court overruled the Government's objection but invited it to brief the matter. That same day, the Court entered its

---

[1] The $672,000 figure is reached by multiplying 84 kilograms of methamphetamine by $8,000 per kilogram.

2

Judgment which stated that, "The Preliminary Order of Forfeiture if finalized and imposed." Judgment at 6, ECF No. 18.

On February 14, 2023, the Government filed the pending motion, which contends the Court committed "legal error" by not imposing a money judgment against Defendant "in the amount of $672,000." Mot. at 7–8. The Government also requested the Court rule on the motion "no later than February 17, 202[3], so that it can properly preserve its appellate rights to the extent necessary." *Id*. at 8

To accommodate the Government's request for an expedited ruling, the Court rules as follows. This order is shorter and less detailed than the Court would like, but the best the Court can do given the expedited schedule.

After reviewing the record and applicable law, the Court finds it did err here, albeit for different reasons than the Government suggests.

First, the Court erred to the degree it indicated its decision not to enter a personal money judgment against Defendant was based on equitable concerns. The law is clear that the Court cannot consider equitable concerns, such as Defendant's present economic status or ability to pay, in a forfeiture decision. *See, e.g.*, *United States v. Casey*, 444 F.3d 1071, 1076–77 (9th Cir. 2006) (joining the First and Seventh Circuits in holding that money judgments are appropriate under 21 U.S.C. § 853 even in cases of insolvent defendants). Unfortunately, the Court described its concerns about what the record demonstrated Defendant obtained as the result of her participation in the drug conspiracy, alongside its observations about the "fairness" or "equity" of entering a large personal money judgment against Defendant that she will be unable to pay. This confuses the record.

Second, the Court erred by not making any findings about the amount Defendant actually acquired as a result of the crime. *See Honeycutt v. United States*, 581 U.S. 443, 454 (2017) ("Forfeiture pursuant to § 853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime."). A court may reject the Government's proposed figure for a criminal forfeiture money judgment, even a stipulated one, but if a court does so, it must make findings as to the amounts. *See United States v. Newman*, 659 F.3d 1235, 1245 (9th Cir. 2011).

Third and finally, the Court committed a clerical error because its written Judgment does not conform to its oral pronouncement made concerning forfeiture.

To resolve these errors, the Court vacates the forfeiture section of the Judgment and orders a forfeiture hearing be held at which time the Court will hear evidence and argument related to a personal money judgment against Defendant. The Court will set the date and time of the hearing after conferring with the parties.

**IT IS SO ORDERED.**

Date:  February 17, 2023                              /s/ Greg Kays
                                                     GREG KAYS, JUDGE
                                                     UNITED STATES DISTRICT COURT